**Jesse BROWN, Jr., Petitioner,**

v.

**UNITED STATES of America, Respondent.**

No. 85–366C(B).

United States District Court, E.D. Missouri, E.D.

May 28, 1985.

Jesse Brown, pro se.

Kathianne Crane, Asst. U.S. Atty., St. Louis, Mo., for respondent.

## MEMORANDUM

REGAN, District Judge.

This action is before the Court upon the motion of Jesse Brown, Jr., to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.

In Criminal Cause No. 82–170 CR (B), movant Brown on September 3, 1982 pled guilty to one count of violating 18 U.S.C. § 641. The range of penalties for that offense was a fine of up to $10,000, or imprisonment for up to ten years, or both said fine and imprisonment. Movant was represented by counsel and the Court found that the plea was knowledgeably and voluntarily made, had a basis in fact, and contained all of the elements of the offense. On September 28, 1982 the Court sentenced movant to a term of five years imprisonment consecutive to the sentence for which he was then serving imprison-ment in the Missouri State Penitentiary. At that time the government dismissed the remaining count of the indictment.

On April 26, 1983 movant Brown filed a motion for relief under § 2255. Therein he alleged that he had received ineffective assistance of counsel and that his guilty plea was involuntary. The Court carefully considered all of movant's allegations, reviewed the record, and ultimately denied the motion.

In the instant motion for § 2255 relief, movant alleges three grounds for relief. First, he appears to allege that he received ineffective assistance of counsel. Specifically, his motion states:

> Counsel allowed both the court and the defendant to be entertained into an action in the court, not related to the actual caliber of the Indictment for Possession of Stolen Money Orders. And, thus counsel failed to exercise an adequate means of effectiveness and within the best interests of both the sentencing court as well as the defendant's interest.

In order to properly state a claim of ineffective assistance of counsel:

> [a] convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment.

*Strickland v. Washington*, —— U.S. ——, ——, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). Suffice it to say, that movant has failed to sufficiently specify a factual basis for his first ground for relief.

Reading his motion liberally, the Court perceives allegations in his second ground for relief that counsel was ineffective, because she allowed him to be prosecuted under 18 U.S.C. § 641, instead of the assertedly appropriate statute, 18 U.S.C. § 500. Movant's third ground for § 2255 relief appears to assert that § 500 should have been the basis for prosecution, instead of § 641.

In Count I, to which movant pled guilty, he was alleged to have willfully and

knowingly received and retained stolen property of the United States, a United States postal money order, valued in excess of $100.00, with the intent to convert it to his own use. The argument now asserted by movant is that at the time he received the money orders they were blank, solely a violation of § 500. The Court agrees with the United States, that § 641 is an appropriate statute for prosecution when a value can be placed upon the stolen property. *United States v. O'Kelley,* 701 F.2d 758, 759–760 (8th Cir.1983) (a stolen treasurey check is a "thing of value" although unendorsed); *United States v. Bryant,* 612 F.2d 799, 804–05 (4th Cir.1979). Prosecution under § 500 is also appropriate, if the government can prove that the money orders were blank when received or possessed. *United States v. Bryant, supra, at* 803. In this case movant pled guilty to receiving and retaining the stolen money order, which then had a value of $100.00. He was properly prosecuted under § 641. Because movant suffered no prejudice by any failure of counsel to contest the statutory basis of the prosecution, he suffered no ineffective assistance. *Strickland v. Washington, supra.* These grounds for relief are without merit.

An appropriate Order will issue.

### ORDER

In accordance with the Memorandum of the Court filed herewith,

IT IS HEREBY ORDERED that the motion of Jesse Brown, Jr., for relief under 28 U.S.C. § 2255 be and it is dismissed.

IT IS FURTHER ORDERED that the motion of movant for appointment of counsel be and it is denied as moot.